E-FILED
Thursday, 08 December, 2005   10:03:08 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. CR05-20037 |
| JASON A. DIXON, | ) |
| Defendant. | ) |

## NOTICE TO COURT CONCERNING
## DEFENDANT'S PLEA OF GUILTY

The defendant is charged in a one count Indictment with Unlawful Delay of the Mail, in violation of 18 U.S.C. § 1703(a).  The defendant, through counsel, has advised that he intends to plead guilty to the Indictment at the scheduled pretrial conference on December 13, 2005.  This will be an open plea and there are no agreements between the parties.  In order to assist this Court in conducting the Rule 11 proceeding, the government submits the following:

### ELEMENTS OF THE CHARGE

1. The essential elements for the offense, each of which the government would be required to prove beyond a reasonable doubt at trial are:

First, that at the time of the charged offense, the defendant was an employee of the United States Postal Service;

Second, that while so employed, the defendant secreted, detained, or delayed mail which had been entrusted to him and was intended to be conveyed by mail; and

- 2 -

Third, that the defendant did so knowingly.

## POTENTIAL PENALTIES

2. The charge of Unlawful Delay of the Mail, in violation of 18 U.S.C. § 1703(a), has the following potential penalties:

   (1) Maximum of 5 years of imprisonment;

   (2) Maximum $250,000 fine;

   (3) Maximum three year term of supervised release;

   (4) Restitution; and

   (5) Mandatory $100.00 Special Assessment.

3. Upon violation of any of the terms of the defendant's supervised release, the supervised release may be revoked and the defendant may be imprisoned for all or part of the supervised release period without credit for time previously served.

4. The Court will calculate the defendant's offense level and criminal history category under the United States Sentencing Guidelines, and the Court will use those calculations to arrive at an advisory sentencing range under the Guidelines. The Court must consider the advisory Sentencing Guideline range when imposing sentence. The Court shall also consider the other factors listed under Title 18, United States Code, Section 3553(a) in determining the specific sentence to be imposed. The Court will be free to impose whatever sentence it deems appropriate up to the statutory maximum, after considering the United States Sentencing Guidelines, which are advisory, and tailoring the sentence in light of other statutory concerns pursuant to 18 U.S.C. § 3553.

- 3 -

Although the Sentencing Guidelines are advisory, the Court may choose to impose a sentence in accordance with the Sentencing Guidelines.

5. The defendant will not be allowed to withdraw his guilty plea because of an objection to the calculation of the advisory Sentencing Guidelines or to the Court's sentencing findings or rulings.

FACTUAL BASIS FOR PLEA

6. If this matter went to trial, the United States submits it would present the following facts to a jury to prove the defendant's guilt of the charged offense beyond a reasonable doubt:

On May 5, 2005, an employee of the Danville Township Road Commission discovered two full trays of U.S. mail in a secluded spot along the railroad tracks in rural Danville. The Commission notified the Danville Postmaster who responded to the scene and recovered the trays. The Postmaster examined the trays and determined that they contained deliverable mail for addresses on mail route #4. The Postmaster contacted the Postal Inspection Service, which conducted an investigation.

Upon examining the recovered mail, postal inspectors determined that the trays contained 283 pieces of mail, consisting of 102 first-class letters, 149 standard-class letters, and 32 standard-class "flats" (magazines and oversized letters). One of the trays, containing most of the letters, was in Delivery Point Sequence (DPS). DPS mail arrives in Danville from the Champaign postal facility already in a final sort, ready for a carrier to deliver on the street. The second tray contained the "flats" and a few

standard-class letters.  According to the Postal Service, the mail in that tray would have been sorted at the carrier case of route #4.  All of the mail, in both trays, would have been for delivery at the end of route #4.

Based on the postmarks on the first-class letters, the inspectors determined that the mail had been intended for delivery on Saturday, November 27, 2004.  Postal Service employee records showed that Dixon and one other carrier had been assigned to route #4 deliveries on November 27th.  Additional records showed that Dixon delivered the mail on route #4 from 1 p.m. to the end of the day.

The inspectors interviewed Dixon at his residence.  He initially denied failing to make any deliveries on November 27th.  However, after being confronted with the records, he admitted, orally and in writing, that he had discarded the mail along the railroad tracks.  Dixon explained that he had fallen behind schedule that day and decided to not finish the remainder of his route that day.

    Respectfully submitted,

    RODGER A. HEATON
    UNITED STATES ATTORNEY

    s/ RICHARD N. COX
    RICHARD N. COX, Bar No. IL 0532258
    Assistant United States Attorney
    United States Attorney
    201 S. Vine St., Suite 226
    Urbana, IL 61802
    217/373-5875
    FAX: 217-373-5891
    richard.cox@usdoj.gov

-- **5** --

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Ms. Tiffani D. Johnson
>Assistant Federal Defender

>s/ RICHARD N. COX
>RICHARD N. COX, Bar No. IL 0532258
>Assistant United States Attorney
>United States Attorney
>201 S. Vine St., Suite 226
>Urbana, IL 61802
>217/373-5875
>FAX: 217-373-5891
>richard.cox@usdoj.gov